IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clinton D. Johnson, Jr., a/k/a Kayzon Ru,<br><br>Plaintiff,<br><br>v.<br><br>Sgt. Johnson; Cpl. Strickland; Allan G. Huggins, II; Herndon; N. Contatino; Long; Badge #917 Detective Long; Phillip E. Thompson; South Carolina Mental Health Employees; Orrie E. West; Ronald Hazzard; Martin Spratz; James Stanko; Corey; James Galmore; Kia Wilson; Phillip E. Thompson; Wayne Owens; Major; Captain Stafford; Lt. Lowe; Lt. Anderson; Lt. Adkins; Lt.; Sgt. Lowe; Lt. Jernigan; Corporal Atwood; Corporal Alston; Kitchen Supervisor Monnettilli; Former Sgt Baker; Lt Eden; Officer Watkins; Officer Bordner; Officer McKnight; Officer Loutz; Officer Hernandez; Nurse Latonya; Former Officer Bishop; Officer Costello; Officer Miller; Officer Hale; Kitchen Staff; Former Lt. Patrick; Any Witness Employed that Witnessed Before and After PREA Events; Judge Butler; Judge Henderson; Jane Mackey; Officer Strickland; Officer Papp; and All Medical Providers and Employees,<br><br>Defendant. | Case No.: 4:20-cv-01664-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the May 7, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 95]. In the Report, the Magistrate Judge recommends that the District Court dismiss this action without prejudice and without issuance and service of process as to the following Defendants: Cpl. Strickland; Herndon;

1

N. Contatino; Long; Badge #917 Detective Long; Phillip E. Thompson; South Carolina Mental Health Employees; Orrie E. West; Ronald Hazzard; Martin Spratz; James Stanko; Corey; James Galmore; Kia Wilson; Phillip E. Thompson; Wayne Owens; Major; Captain Stafford; Lt. Lowe; Lt. Adkins; Lt.; Sgt. Lowe; Lt. Jernigan; Corporal Atwood; Corporal Alston; Kitchen Supervisor Monnettilli; Former Sgt Baker; Lt Eden; Officer Watkins; Officer Bordner; Officer McKnight; Officer Hernandez; Nurse Latonya; Former Officer Bishop; Officer Miller; Officer Hale; Kitchen Staff; Former Lt. Patrick; Any Witness Employed that Witnessed Before and After PREA Events; Judge Butler; Judge Henderson; Jane Mackey; Officer Papp and All Medical Providers and Employees. *Id.* The Magistrate Judge reasoned that these Defendants should be dismissed because Plaintiff failed to state a claim against these defendants. *Id.* Plaintiff filed objections to the Report on June 25, 2021. [ECF No. 121]. For the reasons outlined herein, the Court adopts the Report in its entirety.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's objections to the Report are generally stated, nonspecific, and conclusory. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, Plaintiff's objections fail to direct the Court to any specific portion of the Magistrate's proposed findings and

recommendations. Instead, Plaintiff reasserts arguments from the pleadings, describes his working and living conditions post-release, alleges claims against individuals who are not parties to this action, and seeks to appeal an alleged denial of a loan from the Department of the Interior and the Bureau of Indian Affairs. *See* ECF No 121. The objections fail to mention any portion of the Magistrate's Report. *Id*. Accordingly, the objections have the same effect as would a failure to object.

Having found that Plaintiff fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process as to Defendants Cpl. Strickland; Herndon; N. Contatino; Long; Badge #917 Detective Long; Phillip E. Thompson; South Carolina Mental Health Employees; Orrie E. West; Ronald Hazzard; Martin Spratz; James Stanko; Corey; James Galmore; Kia Wilson; Phillip E. Thompson; Wayne Owens; Major; Captain Stafford; Lt. Lowe; Lt. Adkins; Lt.; Sgt. Lowe; Lt. Jernigan; Corporal Atwood; Corporal Alston; Kitchen Supervisor Monnettilli; Former Sgt Baker; Lt Eden; Officer Watkins; Officer Bordner; Officer McKnight; Officer Hernandez; Nurse Latonya; Former Officer Bishop; Officer Miller; Officer Hale; Kitchen Staff; Former Lt. Patrick; Any Witness

Employed that Witnessed Before and After PREA Events; Judge Butler; Judge Henderson; Jane Mackey; Officer Papp and; All Medical Providers and Employees.

    IT IS SO ORDERED.

|  |  |
|---|---|
| June 30, 2021 | /s/Sherri A. Lydon |
| Florence, South Carolina | Sherri A. Lydon |
|  | United States District Judge |