IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clinton Johnson, *also known as* Kayzon Ru, <br><br> Plaintiff, <br><br> v. <br><br> Sgt. Johnson, City of Conway Police Department Officer; Allan G. Huggins, II, City of Conway Police Department Officer; Lt Anderson, J. Reuben Long Detention Employee; Officer Costello, J. Reuben Long Detention Center; Officer Strickland, and Officer Foutz, <br><br> Defendants. | Case No.: 5:20-cv-1664-SAL-KDW <br><br><br> **OPINION AND ORDER** |

This matter is before the court for review of the August 24, 2021 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 158.] The Report recommends denial of Plaintiff's Motion for a Temporary Restraining Order, ECF No. 80, and Plaintiff's Motion for a Cease and Desist, ECF No. 100. Plaintiff filed objections to the Report. [ECF No. 166.] Thus, this matter is ripe for ruling. For the reasons outlined below, the court adopts the Report in part in its entirety.

**BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF

1

No. 4.]  This court incorporates those facts and standards without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992).  In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities.  *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).  A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object."

---

[1] Plaintiff did not specifically object to the Magistrate Judge's recitation of the factual background or legal standards.

*Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff sets forth only one objection to the Report—he asserts that his filings demonstrate that he needs injunctive relief to prevent "unlawful arrests and prosecution, theft, and harm."  [ECF No. 166 at 3.]  He alleges that Defendants are causing harm through intimidation and harassment, excessive force, false arrests, false prosecution, and the destruction of evidence.  *Id.*  However, Plaintiff's objection does not direct the court to a specific error in the Report's analysis of his request for injunctive relief.  In fact, the Report addressed Plaintiff's broad assertions of harm and found that Plaintiff failed to "make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage from these parties."  [ECF No. 158 at 3.]  Plaintiff's objection to the Report is likewise devoid of specific allegations of imminent harm.  Rather, it appears Plaintiff is referring to past conduct that he alleges the officers engaged in at the J. Reuben Long Detention Center, prior to his release on September 16, 2020.  *See* [ECF No. 166.]  Therefore, Plaintiff has failed to raise a specific objection to the Magistrate's Report.  In the absence of a specific objection to the Report, this court reviews the Report for clear error, and having found none, adopts its recommendation to deny Plaintiff's requests for injunctive relief.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No.

3

158, and incorporates the Report by reference herein. As a result, Plaintiff's Motion for a Temporary Restraining Order, ECF No. 80, and Plaintiff's Motion for a Cease and Desist, ECF No. 101, are **DENIED.**

**IT IS SO ORDERED.**

December 22, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge