IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clinton D. Johnson, Jr. a/k/a Kayzon Ru,<br><br>Plaintiff,<br><br>v.<br><br>Sgt. Johnson; Allan G. Huggins, II; Lt. Anderson; Officer Costello; Officer Strickland; and Officer Foutz,<br><br>Defendants. | C/A: 4:20-cv-1664-SAL<br><br><br>**ORDER** |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C § 1983 for alleged violations of his constitutional rights. This matter is before the court for review of the July 28, 2022 Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 248.]

In the Report, the Magistrate Judge recommends granting Defendants Huggins, Johnson, Foutz, and Anderson's motions for summary judgment, ECF Nos. 213 & 214, denying Plaintiff's motion for summary judgment, ECF No. 240, and dismissing Defendants Costello and Strickland from this action. *Id.* On July 27, 2022, Plaintiff filed a letter to the court, and on July 28, 2022, he filed objections to the Report. [ECF Nos. 251, 252.] Defendants Foutz and Anderson replied on August 1, 2022, ECF No. 253, and Defendants Huggins and Johnson replied on August 10, 2022, EC No. 254. Thus, the matter is ripe for review.

For the reasons outlined herein, the court adopts the Report in its entirety.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-cv-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews

portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; Orpiano, 687 F.2d at 47) (emphasis added).

## DISCUSSION

The Magistrate Judge's July 11, 2022 Report thoroughly explains the legal basis for her recommendation. Although Plaintiff subsequently filed a letter to the court and objections to the Report, neither filing contains specific objections to the Report.

Plaintiff's letter, ECF No. 251, is comprised almost entirely of copied portions of state court rules, doctrines, and other documents. He also provides numerous citations to cases and statutes without offering any explanation as to how they connect to Defendants purported conduct or contradict any portion of the Report. *See id.* Plaintiff cannot invoke federal question jurisdiction based on unsupported citations to inapplicable federal authorities. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020), *aff'd*, 848 F. App'x 564 (4th 12 Cir. 2021) (finding no basis for federal question jurisdiction where complaint failed to allege sufficient facts in support of conclusory references to purported federal violations); *Jones v. Cherry*, No. 0:20-cv-3489-JFA-PJG, 2020 WL 7055562, at *2 (D.S.C. Dec. 1, 2020), *adopted*, 2020 WL 7332876 (D.S.C. Dec. 14, 2020) (same).

Similarly, the court is unable to identify a specific objection to the Report in Plaintiff's objections, ECF No. 252. Instead, Plaintiff focuses on incidents outside the scope of his complaint and the Report, and he raises new claims that officers violated his religious freedom. *See id.* at 2–4. Specifically, he alleges that on July 11, 2006, Horry County officers disturbed his religious worship, and presently, the "religious/multipurpose room [at the detention center] is locked." *See*

*id.* at 2-4. Because Plaintiff's objections raise entirely new issues, they are overruled. *See Dune v. G4s Regulated Sec. Sols., Inc.,* No. 0:13-cv-01676-JFA, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) ("The Court is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report." (citing cases)).

The only specific portion of the Report that Plaintiff mentions is the "failure to exhaust" section on page 22. *See* [ECF No. 252 at 8.] Plaintiff, however, does not clarify what his objection is to this portion of the Report. And as Defendants point out in their reply, the Magistrate Judge found in favor of Plaintiff on this issue. *See* [ECF No. 248 at 25 (finding that there is a question of fact as to whether Plaintiff properly exhausted his claims under the Prison Litigation Reform Act).]

Importantly, the court notes that Plaintiff's filings do not address (or contest) the Report's findings that dismissal is appropriate because Defendants Huggins, Johnson, Foutz, and Anderson are entitled to qualified immunity on his § 1983 claims. Nor does Plaintiff object to the Report's finding that Defendants Costello and Strickland should be dismissed from this action because Plaintiff failed to effectuate service under Rule 4 of the Federal Rules of Civil Procedure.

In sum, after a careful review of Plaintiff's filings the court cannot identify an objection that "direct[s] the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As a result, the court reviews the Report for clear error only, and finding none, adopts the Report in its entirety.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 248, and incorporates the Report by reference herein. As a result, Defendants Costello and Strickland are **DISMISSED** from this action without prejudice due Plaintiff's failure to effectuate

service under Rule 4 of the Federal Rules of Civil Procedure; Defendant Foutz and Anderson's motion for summary judgment, ECF No. 213, is **GRANTED**; Defendant Huggins and Johnson's motion for summary judgment, ECF No. 214, is **GRANTED**; and Plaintiff's motion for summary judgement, ECF No. 240, is **DENIED**.

    **IT IS SO ORDERED.**

August 10, 2022  
Columbia, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge